IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD ROSS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 23-0019-MU ) |
| MARTIN O'MALLEY, Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ronald Ross brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying his claim for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 7 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, … order the entry of a final judgment, and conduct all post-judgment proceedings.")). *See also* Doc. 8. Upon consideration of the administrative record, Ross's brief, and the

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Martin O'Malley is substituted in lieu of Kilolo Kijakazi as the defendant in this action.

Commissioner's brief,[2] it is determined that the Commissioner's decision denying benefits should be affirmed as set forth herein.[3]

## I. PROCEDURAL HISTORY

Ross applied for a period of disability and DIB, under Title II of the Act, 42 U.S.C. §§ 423-425, on December 2, 2019, alleging disability beginning on November 6, 2019. (PageID. 353-54). His application was denied at the initial level of administrative review on May 15, 2020. (PageID. 202-07). He filed a Request for Reconsideration on July 13, 2020, that was denied on December 3, 2020. (PageID. 213-16). On January 6, 2021, Ross requested a hearing by an Administrative Law Judge (ALJ). (PageID. 232-33). After a hearing was held on September 2, 2021, the ALJ issued an unfavorable decision finding that Ross was not under a disability from the alleged onset date, November 6, 2019, through the date of the decision, September 17, 2021. (PageID. 105-25; 174-95). Ross appealed the ALJ's decision to the Appeals Council, and, on January 20, 2022, the Appeals Council remanded the case for proper consideration of the treating physician records. (PageID. 196-201).

After the ALJ conducted a second hearing on May 3, 2022, he again issued an unfavorable decision, finding that Ross was not under a disability from the alleged onset date, November 6, 2019, through the date of the decision, May 13, 2022. (PageID. 84-104; 60-83). Ross again appealed the ALJ's decision to the Appeals Council, and the Appeals Council granted his request for review and issued an unfavorable decision on

---

[2] The parties waived oral argument. Docs. 17, 18.
[3] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Docs. 7, 8 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

December 6, 2022, finding that Ross was not disabled at any time through the date of the ALJ's decision. (PageID. 341-43; 553-56; 46-54).

After exhausting his administrative remedies, Ross sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. 1). The Commissioner filed an answer and the social security transcript on March 30, 2023. (Docs. 11, 12). Both parties filed briefs setting forth their respective positions. (Docs. 14, 14).

## II. CLAIM ON APPEAL

Ross alleges that the ALJ's decision to deny him benefits is in error because the ALJ, and by adoption the Appeals Council, failed to identify evidentiary support for the finding that the treating physician's opinion was not persuasive, and therefore, the decision was not supported by substantial evidence. (PageID. 1630).

## III. BACKGROUND FACTS

Ross, who was born on May 29, 1965, was 54 years old at the time he filed his claim for benefits and reached the age of 55 during the pendency of his claim. (PageID. 353). He initially alleged disability due to chronic lower back pain, chronic back pain, sleep apnea, high blood pressure, chronic sinusitis, anxiety, irritable bowel syndrome, Meniere's disease, and vertigo. (PageID. 405).  Ross graduated from college in 1987. (PageID. 406). Ross has worked as a teacher, unit director, program manager, executive director of a non-profit, and case worker in the fifteen years preceding the date he stopped working. (PageID. 425). In his Function Report, which he completed on December 16, 2019, he stated that his back pain prevents him from doing certain tasks, like yard work, gardening, or things that involve standing for more than five minutes or walking more than twenty yards, and effects his sleep, leaving him fatigued. (PageID.

435-36). For the most part, he takes care of his personal needs, he can drive a car and go out alone, he does light cleaning and ironing from a seated position, he grocery shops every other week, he can count change, handle a savings account, and use a checkbook/money orders, he has no problem following written instructions, but fatigue makes it difficult to remember spoken instructions, and he has no problems getting along with others. (PageID. 404-06). Ross testified that due to his irritable bowel syndrome and back pain, he is off task a lot which interferes with working. (PageID. 88-89). He further testified that his back totally goes out a couple of times every three months or so and, when that happens, he cannot do anything but lay in bed. (PageID. 89).

## IV. ALJ AND APPEALS COUNCIL DECISIONS

After conducting a hearing on this matter after remand, the ALJ determined that Ross had not been under a disability from the alleged onset date, November 6, 2019, though the date of the decision, May 13, 2022, and thus, was not entitled to benefits. (PageID. 76). The ALJ found that Ross met the insured status requirements through December 31, 2024.  (PageID. 66). At step one of the five-step sequential evaluation, the ALJ found that Ross had not engaged in SGA since November 6, 2019, the alleged onset date. (*Id.*). Therefore, he proceeded to an evaluation of steps two and three. The ALJ found that, during the relevant period, Ross had severe impairments of obesity, thoracic compression fracture, lumbar spurning, and degenerative disc disease, but that he did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (PageID. 66-70). After considering the entire record, the ALJ concluded that Ross had the RFC to perform light work, except that he

cannot climb ladders, ropes, or scaffolds, or perform around hazards and can frequently climb ramps or stairs, balance, stoop, kneel, crouch, or crawl. (PageID. 70-74). After setting forth his RFC, the ALJ determined that Ross could perform his past relevant work as an executive director, program director, and case manager. (PageID. 74-76). Based on the testimony of the vocational expert, and considering his age, education, work experience, and RFC, the ALJ concluded that Ross could make a successful adjustment to his past relevant work and other transferable work, and therefore, found that Ross was not disabled within the meaning of the Act. (PageID. 76).

The Appeals Council granted Ross's request for review, and after considering the statement submitted by Ross's counsel, adopted the ALJ's "statements regarding the pertinent provision of the Social Security Act, Social Security Administration Regulations, Social Security Rulings and Acquiescence Rulings, the issues in the case, and the evidentiary facts, as applicable." (PageID. 49). The Appeals Council did not adopt the ALJ's findings or conclusions regarding whether Ross was disabled, but instead, issued its own decision. (*Id.*). Its conclusions were, however, the same. (PageID. 51-52). Significant to this evaluation, the Appeals Council specifically stated that it considered the medical records from Dr. Travis dated February 21, 2022, through April 18, 2022, which showed follow-up treatment for degenerative disc disease. (PageID. 50). The Appeals Council noted that this evidence showed no worsening of Ross's condition and indicated no additional limitations or new impairments. (*Id.*).

## V. DISCUSSION

Eligibility for DIB requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E). "For DIB claims, a claimant is eligible for benefits where [he] demonstrates

5

disability on or before the [date last insured]." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). A claimant is disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). The impairment must be severe, making the claimant unable to do the claimant's previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-11. "Substantial gainful activity means work that … [i]nvolves doing significant and productive physical or mental duties [that] [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

In evaluating whether a claimant is disabled, the ALJ utilizes a five-step sequential evaluation:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairment in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)(f); *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of proving the first four steps, and if the claimant does so, the burden shifts to the Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). The steps are to be followed in order, and if it is determined that the claimant is

disabled at a step of the evaluation process, the evaluation does not proceed to the next step.

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted). "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

Ross argues that the ALJ's RFC determination was not supported by substantial evidence because the ALJ, and by adoption the Appeals Council, failed to identify evidentiary support for the finding that the treating physician's opinion was not persuasive. (PageID. 1630). In the ALJ's report, he reviewed and considered the medical records maintained by Dr. Travis, the treating physician to whom Ross refers, that documented his visits with her. (PageID. 70-74). He also considered Dr. Travis's opinion that Ross "would be unable to complete an eight-hour workday, could only lift

7

five pounds, requires the use of an assistive device, would be absent more than three times a month due to his impairments, and would be off-task twenty percent of the workday due to pain" and found her opinion "not persuasive because it is inconsistent with, and not supported by, the objective medical evidence and the claimant's own reported level of functioning that he had no shortness of breath, no chest pain, no wheezing, no abdominal pain, and only some back pain. Exhibits 1F-37F."

Ross argues that the ALJ erred by not specifically identifying evidence in the record that supported his finding. However, because many claims, including this one, have voluminous records from multiple sources, the ALJ is not required to articulate how he or she considered each medical opinion from one medical source individually. 20 C.F.R. § 1520c(b)(1) ("We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually."); *see e.g., Poole v. Kijakazi,* 2022 WL 1651196, at *2 (M.D. Ala. May 24, 2022) (in considering whether a medical source's opinion is supported by the source's own records and consistent with the other evidence of record, "an ALJ need only explain the consideration of the factors on a source-by-source basis; the regulations do not require the ALJ to precisely explain the consideration of each opinion within the same source"). "'Nothing requires the ALJ to discuss every piece of evidence so long as the decision does not broadly reject evidence in a way that prevents meaningful judicial review.'" *Poole,* 2022 WL 1651196, at *3 (quoting *Gogel v. Comm'r of Soc. Sec.*, No. 2:20-CV-366-MRM, 2021 WL 4261218, at *9 (M.D. Fla. Sept. 20, 2021)); *see also Dyer v. Barnart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (holding that ALJ is not required to discuss every piece of evidence as long as the reviewing court can surmise that the ALJ

8

considered the plaintiff's medical condition as a whole). Here, the ALJ complied with the applicable regulations in this regard.

Additionally, based on its complete review of the medical records, the Court finds that substantial evidence supports the ALJ's, and concomitantly the Appeals Council's, conclusion that Dr. Travis's opinion was not fully supported by and was inconsistent with the overall objective medical evidence. It is clear to the Court that the ALJ considered Ross's medical condition as a whole in assessing his RFC. *See Dyer*, 395 F.3d at 1211. Therefore, the Court finds that the ALJ did not err by finding Dr. Travis's assessment of Ross's physical abilities to be unpersuasive. The Court further finds that the medical and other evidence of record provides substantial evidence in support of the RFC finding that Ross is limited to light work with additional restrictions.

## CONCLUSION

It is well-established that it is not this Court's place to reweigh the evidence or substitute its judgment for that of the Commissioner. *See Chester*, 792 F.2d at 131. This Court is limited to a determination of whether the ALJ's decision is supported by substantial evidence and based on proper legal standards. Having reviewed the ALJ's decision and the entire transcript and considered the arguments made by Ross, the Court finds that the ALJ's determination that Ross was not disabled is supported by substantial evidence and based on proper legal standards.

Based on the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **28th** day of **March, 2024**.

s/P. BRADLEY MURRAY  
UNITED STATES MAGISTRATE JUDGE